**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DARRELL CARLIN FERGUSON,** | ) | |
| **#1841701,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:23-CV-155-S-BH** |
| | ) | |
| **UNKNOWN DEFENDANTS,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

**I. BACKGROUND**

On January 18, 2023, a handwritten filing that appeared be a prisoner civil rights complaint was received from the *pro se* prisoner plaintiff. (*See* doc. 3.) It was not clear from the filing whether he sought to sue private parties, file a civil rights lawsuit under 42 U.S.C. § 1983 based on actions taken against him in the prison facility where he was incarcerated, or challenge a disciplinary proceeding against him under 28 U.S.C. § 2254.

By *Notice of Deficiency and Order* dated January 23, 2023, he was notified that if he had intended to file a civil lawsuit, he had not complied with the requirement in Fed. R. Civ. P. 8(a) of a "short and plain statement of the claim showing that the pleader is entitled to relief." (*See* doc. 4.) He was also notified that if he had intended to file a civil rights lawsuit under § 1983 based on actions taken against him in the prison facility where he is incarcerated, he had not filed his complaint on the proper form. (*See id*.) He was advised that he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP) for a civil action. (*See id*.) He was

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

ordered to file an amended legible complaint that complied with Rule 8(a) and identified his claims against each private party he sought to sue, or to file an amended legible civil rights lawsuit on the standard § 1983 form, and to either pay the filing fee or submit a fully completed and signed IFP application with a certificate of inmate trust account within thirty (30) days. (*See id*.)  He was specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders.  (*See id.*) Attached to the order were copies of Rule 8, a § 1983 form, and an IFP application with a certificate of inmate trust account for a civil case. (*See id.*)

The plaintiff was also advised that if he was instead seeking to challenge a disciplinary proceeding, he must file a habeas action on the standard form for actions filed under 28 U.S.C. § 2254 and also either pay the $5 filing fee for a habeas case or submit an IFP application for a habeas case  with the required certificate of inmate trust account within thirty (30) days. (*See id.*)  Also attached to the order were copies of a § 2254 habeas petition form and an IFP application with a certificate of inmate trust account for a habeas case. (*See id.*)

On February 7, 2023, the plaintiff filed another handwritten complaint using only the first page of the § 1983 form, but he did not submit an IFP application or pay the filing fee.  (*See* doc. 5.)  By *Second Notice of Deficiency and Order* dated February 9, 2023, he was again notified that it was still not clear from the filing whether he sought to sue private parties, file a civil rights lawsuit under § 1983, or challenge a disciplinary proceeding against him under § 2254.  (*See* doc. 6.) He was again ordered to file an amended legible complaint that complied with Rule 8(a) and identified his claims against each private party he sought to sue, or to file an amended legible civil rights lawsuit on the standard § 1983 form, and to either pay the filing fee or submit a fully completed and signed IFP application with a certificate of inmate trust account within thirty (30) days. (*See id*.) He was

also again advised that if he was seeking to challenge a disciplinary proceeding, he must file a habeas action on the standard § 2254 form and either pay the filing fee for a habeas case or submit an IFP application for a habeas case  with the required certificate of inmate trust account within thirty (30) days. (*See id.*) He was specifically advised that a failure to comply with the order could result in the dismissal of the case for failure to prosecute or comply with court orders.  (*See id.*) Attached to the order were copies of the same forms sent to him with the first notice of deficiency. (*See id.*)

More than thirty days from the date of the second notice of deficiency and order have passed, but the plaintiff has not filed an amended complaint or habeas petition and either paid the filing fee or submitted an IFP application, and he has not filed anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to comply with two orders to file an amended complaint or habeas petition, and to either pay the filing fee or submit a fully completed IFP application, despite a warning that failure to do so could result in dismissal of the case.  He has not filed anything else in the case since his amended non-compliant amended complaint on February 7, 2023.  Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed.

### III.  RECOMMENDATION

The plaintiff's case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for

failure to prosecute or follow orders of the court, unless he files an amended complaint or habeas

petition on the correct form and either pays the filing fee or files a fully completed IFP application

within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 14th day of March, 2023.**


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE



### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in
the manner provided by law.  Any party who objects to any part of these findings, conclusions and
recommendation must file specific written objections within 14 days after being served with a copy.
*See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify
the specific finding or recommendation to which objection is made, state the basis for the objection,
and specify the place in the magistrate judge's findings, conclusions and recommendation where the
disputed determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate
judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See
Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE